IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXANDER ROSS,

          Petitioner,

vs.

STATE OF NEBRASKA,

          Respondent.

8:21CV107

**MEMORANDUM AND ORDER**

    The Petitioner at the time he filed this action had served his time. He was not incarcerated, or on parole or on probation. However, he must follow his *civil* conditions of registration as a sex offender. These conditions are civil and not criminal and therefore his is not entitled to habeas corpus relief because he is not in "custody" as required by section 2254(b) despite his contrary allegations. *Hansen v. Marr*, 594 F. Supp. 2d 1097 (D. Neb. 2009). *See also White v. Laclair*, 2021 WL 200857 (E.D. N.Y. 2021).

    The Third Circuit's opinion to the contrary is based, at least in part, because state law defines the underlying sex offender law as criminal in nature. *Piasecki v. Court of Common Pleas Bucks County*, 917 F.3d 161, 175-176 (3rd Cir., 2019). But even if that were not the case the great majority of circuits hold otherwise and favor dismissal of this case with prejudice because Petitioner is not "in custody." This Court, of course, is not bound by the Third Circuit's decision, which is contrary to all those circuit courts who have faced the same issue and have decided differently. *See*, *e.g.*, *Hautzenroeder v. Dewine*, 887 F.3d 737 (6th Cir. 2018) (Ohio's SORNA); *Calhoun v. Att'y Gen.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (Colorado); *Wilson v. Flaherty*, 689 F.3d 332, 335 (4th Cir. 2012) (Texas and Virginia); *Virsniecks v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008) (Wisconsin); J*ohnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (Texas); *Dickey v. Allbaugh*, 664 F. App'x 690 (10th

Cir. 2016) (Oklahoma); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute).

Finally, Petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Petitioner is not entitled to relief as the great weight of authority is against him and the one case that may supports him construes the condition of sex offender registration to start off as criminal in nature.

IT IS ORDERED that the petition for habeas corpus is denied with prejudice because the court lacks subject matter jurisdiction over the matter. Summary judgment is granted to Respondent. No certificate of appealability has been or will be issued. A separate judgment will be issued.

Dated this 20th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge